1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

JEFFREY A. HILL,               )    Case No.: 1:12-cv-00944-AWI-JLT
                                           )
              Petitioner,     )    FINDINGS AND RECOMMENDATIONS RE:
                                           )    RESPONDENT'S MOTION TO DISMISS
           v.               )
                                           )    ORDER DIRECTING OBJECTIONS TO BE FILED
M. BITER,                    )    WITHIN TWENTY DAYS
                                           )
              Respondent.    )
                                           )
_____)

      Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

      The instant petition was filed on May 15, 2012.[1]  On June 16, 2012, the Court ordered Respondent to file a response to the petition.  (Doc. 5).  On August 14, 2012, Respondent filed the

---

[1] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the actual date of its receipt by the court clerk.  Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988).  The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his."  Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see Houston, 487 U.S. at 271. The Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA. Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003). The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule.  Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003).  Accordingly, for all of Petitioner's state petitions and for the instant federal petition, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears on the petition) as the earliest possible filing

1

instant motion to dismiss, contending that the petition was filed after the expiration of the one-year federal statute of limitation had expired.  (Doc. 9).  On October 1, 2012, Petitioner filed an opposition.  (Doc. 16).  On October 8, 2012, Respondent filed a reply.  (Doc. 17).

## DISCUSSION

A.  <u>Procedural Grounds for Motion to Dismiss</u>

As mentioned, Respondent has filed a Motion to Dismiss the petition as being filed outside the one year limitations period prescribed by Title 28 U.S.C. § 2244(d)(1).  Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed Respondent's to file a Motion to Dismiss in lieu of an Answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. <u>See</u>, <u>e.g.</u>, <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); <u>White v. Lewis</u>, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); <u>Hillery v. Pulley</u>, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).  Thus, a Respondent can file a Motion to Dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  <u>See Hillery</u>, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's Motion to Dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one year limitation period.  Because Respondent's Motion to Dismiss is similar in procedural standing to a Motion to Dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal Answer, the Court will review Respondent's Motion to Dismiss pursuant to its authority under Rule 4.

B.  <u>Limitation Period For Filing Petition For Writ Of Habeas Corpus</u>

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

---

date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation. Petitioner signed the instant petition on May 15, 2012.  (Doc. 1, p. 6).

1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus

filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997);

Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

The instant petition was filed on May 15,  2012, and thus, it is subject to the provisions of the AEDPA.

     The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal

petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d)

reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

     In most cases, the limitation period begins running on the date that the petitioner's direct

review became final.  Here, the Petitioner was convicted on May 29, 2008, in the Superior Court of

Tulare County, of, inter alia, murder with special circumstances, and sentenced to an indeterminate

prison term of life without the possibility of parole plus twenty years and four months.  (Doc. 1, p. 1;

Doc. 13, Lodged Document ("LD") 1).    Petitioner filed a direct appeal in the California Court of

Appeal, Fifth Appellate District ("5th DCA"), which affirmed the conviction and sentence, with minor

modifications.  (LD 2).  The petition for review was denied by the California Supreme Court on

1    January 13, 2010.  (LD 3, 4).

2         Thus, direct review would have concluded on April 13, 2010, when the ninety day period for

3    seeking review in the United States Supreme Court expired.  Barefoot v. Estelle, 463 U.S. 880, 887

4    (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th

5    Cir.1998).  Petitioner would then have one year from the following day, April 14, 2010, or until April

6    13, 2011, absent applicable tolling, within which to file his federal petition for writ of habeas corpus.

7         As mentioned, the instant petition was filed on May 15, 2012, over a year after the date the

8    one-year period would have expired.  Thus, unless Petitioner is entitled to either statutory or equitable

9    tolling, the instant petition is untimely and should be dismissed.

10        C. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

11        Under the AEDPA, the statute of limitations is tolled during the time that a properly filed

12   application for state post-conviction or other collateral review is pending in state court.  28 U.S.C. §

13   2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules

14   governing filings, including the form of the application and time limitations.  Artuz v. Bennett, 531

15   U.S. 4, 8, 121 S. Ct. 361 (2000).  An application is pending during the time that 'a California

16   petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay

17   in the intervals between a lower court decision and the filing of a petition in a higher court.

18   Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized

19   by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations

20   omitted); see Evans v. Chavis,  546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold,

21   536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006

22   (9th Cir. 1999).

23        Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed.

24   For example, no statutory tolling is allowed for the period of time between finality of an appeal and

25   the filing of an application for post-conviction or other collateral review in state court, because no

26   state court application is "pending" during that time.  Nino, 183 F.3d at 1006-1007; Raspberry v.

27   Garcia, 448 F.3d 1150, 1153 n. 1 (9th Cir. 2006).  Similarly, no statutory tolling is allowed for the

28

4

period between finality of an appeal and the filing of a federal petition.  Id. at 1007.   In addition, the limitation period is not tolled during the time that a federal habeas petition is pending.  Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002).  Further, a petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing a state habeas petition. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001).  Finally, a petitioner is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims.  See Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

Here, Respondent has filed documents establishing that Petitioner filed the following state habeas petitions: (1) petition filed in the Superior Court of Tulare County on January 24, 2011, and denied on February 1, 2011 (LD 5; 6);[1] (2) petition filed in the 5th DCA on May 15, 2011, and denied on August 4, 2011 (LD 7; 8); and (3) petition filed in the California Supreme Court on November 6, 2011, and denied on March 21, 2012.  (LD 9; 10).  Respondent does not argue that the state petitions were not "properly filed" for purposes of statutory tolling under the AEDPA, nor does Respondent argue that Petitioner is not entitled to statutory tolling for the pendency of those petitions.  Rather, Respondent argues that, due to delays in filing the second and third petitions, Petitioner is not entitled to "interval" tolling between the first and second, and between the second and third, state petitions, thus making the instant petition untimely.  The Court agrees with Respondent's analysis.

In reviewing habeas petitions originating from California, the Ninth Circuit formerly employed a rule that where the California courts did not explicitly dismiss for lack of timeliness, the petition was presumed timely and was deemed "pending."  In Evans v. Chavis, 549 U.S.189 (2006), the Supreme Court rejected this approach, requiring instead that the lower federal courts determine whether a state

---

[1]  In computing the running of the statute of limitations, the day an order or judgment becomes final is excluded and time begins to run on the day after the judgment becomes final.  See Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001) (Citing Rule 6 of the Federal Rules of Civil Procedure).

1  habeas petition was filed within a reasonable period of time.  549 U.S. at 198 ("That is to say, without

2  using a merits determination as an 'absolute bellwether' (as to timeliness), the federal court must

3  decide whether the filing of the request for state court appellate review (in state collateral review

4  proceedings) was made within what California would consider a 'reasonable time.'").  However,

5  "'[w]hen a post-conviction petition is untimely under state law, that [is] the end of the matter for

6  purposes of § 2244(d)(2).'" Bonner v. Carey, 425 F.3d 1145, 1148 (9th Cir. 2005)(quoting Pace v.

7  DiGuglielmo, 544 U.S. 408, 414 (2005)).  See also Carey v. Saffold, 536 U.S. at 226.

8       Therefore, under the analysis mandated by the Supreme Court's decisions in Pace and Evans,

9  this Court must first determine whether the state court denied Petitioner's habeas application(s) as

10  untimely.  If so, that is the end of the matter for purposes of statutory tolling because the petition was

11  then never properly filed and Petitioner would not be entitled to any period of tolling under §

12  2242(d)(2), either for the pendency of the petition itself or for the interval between that petition and

13  the denial of the previous petition.  Bonner, 425 F.3d at 1148-1149.

14       However, if the state court did not expressly deny the habeas petition(s) as untimely, this Court

15  is charged with the duty of independently determining whether Petitioner's request for state court

16  collateral review were filed within what California would consider a "reasonable time."  Evans, 546

17  U.S. at 198.  If so, then the state petition was properly filed and Petitioner is entitled to interval

18  tolling.[1]

19       In Evans, the Supreme Court found that a six-month delay was unreasonable.  Id.  The

20  Supreme Court, recognizing that California did not have strict time deadlines for the filing of a habeas

21  petition at the next appellate level, nevertheless indicated that most states provide for a shorter period

22  of 30 to 60 days within which to timely file a petition at the next appellate level.  Evans, 546 U.S. at

23  201.  After Evans, however, it was left to the federal district courts in California to carry out the

24  Supreme Court's mandate of determining, in appropriate cases, whether the petitioners' delays in

25

26

27

28

[1]Neither the Ninth Circuit nor the United States Supreme Court has addressed whether a delay in filing may deprive a petitioner of statutory tolling for the pendency of an otherwise properly filed state petition itself when the state court does not expressly indicate that the petition was untimely. Presently, Evans only affects entitlement to interval tolling.

filing state petitions were reasonable.  Understandably, given the uncertain scope of California's "reasonable time" standard, the cases have not been entirely consistent.  However, among the Ninth Circuit as well as the various federal district courts in California, a consensus has emerged that any delay of sixty days or less is per se reasonable, but that any delay "substantially" longer than sixty days is not reasonable.  Compare Velasquez v. Kirkland, 2011 WL 1758718, *3 (May 10, 2011 9th Cir.)(delays of 81 and 91 days unreasonable); Chaffer v. Prosper, 592 F.3d 1046, 1048 (9th Cir. 2010)(delays of 115 and 101 days unreasonable); Banjo v. Ayers, 614 F.3d 964, 970 (9th Cir. 2010)(delay of 146 days unreasonable); Bennett v. Felker, 635 F. Supp. 2d 1122, 1126-1127 (C.D. Cal. 2009)(93 days unreasonable); Culver v. Director of Corrections, 450 F.Supp.2d 1135, 1140-1141 (C.D. Cal. 2006)(delays of 97 and 71 days unreasonable); Forrister v. Woodford, 2007 WL 809991, *2-3 (E.D. Cal. 2007)(88 day delay unreasonable); Hunt v. Felker, 2008 WL 364995 (E.D. Cal. 2008)(70 day delay unreasonable); Swain v. Small, 2009 WL 111573 (C.D.Cal. Jan. 12, 2009)(89 day delay unreasonable); Livermore v. Watson, 556 F.Supp. 2d 1112, 1117 (E.D.Cal. 2008)(78 day delay unreasonable; Bridges v. Runnels, 2007 WL 2695177 *2 (E.D.Cal. Sept. 11, 2007)(76 day delay unreasonable), with Reddick v. Felker, 2008 WL 4754812 *3 (E.D.Cal. Oct. 29, 2008)(64 day delay not "substantially" greater than sixty days); Payne v. Davis, 2008 WL 941969 *4 (N.D.Cal. Mar. 31, 2008 (63-day delay "well within the 'reasonable' delay of thirty to sixty days in Evans").

Moreover, even when the delay "significantly" exceeds sixty days, some courts have found the delay reasonable when the subsequent petition is substantially rewritten.  E.g., Osumi v. Giurbino, 445 F.Supp.2d 1152, 1158-1159 (C.D.Cal. 2006)(3 month delay not unreasonable given lengthy appellate briefs and petitioner's substantial re-writing of habeas petition following denial by superior court); Stowers v. Evans, 2006 WL 829140 (E.D.Cal. 2006)(87-day delay not unreasonable because second petition was substantially re-written); Warburton v. Walker, 548 F.Supp.2d 835, 840 (C.D. Cal. 2008)(69-day delay reasonable because petitioner amended petition before filing in Court of Appeal).

Both parties agree that Petitioner waited for 285 days after the commencement of the one-year period to file his first state habeas petition.  (Doc. 9, p. 5; Doc. 16, p. 6).  Thus, Petitioner had only 80

days remaining within which to file his federal petition.

It is also undisputed that Petitioner waited for 102 days after the denial of his first state petition on February 1, 2011, to file his second state petition.  Since Petitioner only had 80 days remaining of his one-year filing period, the issue of whether Petitioner is entitled to interval tolling for this period of time is critical to any determination as to timeliness.  As indicated in the discussion supra, delays that are substantially over sixty days are inherently suspect as unreasonable.  There is no indication that Petitioner substantially rewrote his state petition after the initial denial in the Superior Court before filing it in the 5th DCA.  Accordingly, the Court concludes that the 102-day delay was unreasonable, thus depriving Petitioner of interval tolling for that period of time.  Without that interval tolling, the one-year period re-commenced on February 2, 2011, and expired 80 days later, i.e., on April 22, 2011.

Because the Court determines that the one-year period expired on April 22, 2011, any state petitions filed after that time do not afford Petitioner any additional statutory tolling.   A petitioner is not entitled to tolling where the limitations period has already run prior to filing a state habeas petition.  Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); Jiminez v. Rice, 276 F.3d 478 (9th Cir. 2001); see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003)("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999) (petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year limitations period).

Accordingly, unless Petitioner is entitled to some form of equitable tolling, the petition is untimely and must be dismissed.

D.  Equitable Tolling.

The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to equitable tolling in appropriate cases.  See Holland v. Florida, __U.S.__, 130 S.Ct. 2549, 2561 (2010); Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997).  The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time."  Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal

quotation marks and citations omitted).  "When  external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."   Holland, 130 S.Ct. at 2652; Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted).  As a consequence, "equitable tolling is unavailable in most cases."  Miles, 187 F. 3d at 1107.

Here, in his petition, Petitioner has made no express claim of entitlement to equitable tolling. However, in his opposition to the motion to dismiss, Petitioner raises certain issues that he alleges affected his ability to timely file his petition.  Accordingly, the Court will construe those contentions as claims of entitlement to equitable tolling.

First, Petitioner contends that equitable tolling should apply because, after his initial petition was denied by the Superior Court and he received the denial on February 10, 2011, he immediately began drafting a petition for the 5th DCA; however, Petitioner mailed the petition on March 16, 2011 to the Central California Appellate Project ("CCAP"), a quasi-state agency that provides court-appointed appellate counsel for state criminal defendants, not to the 5th DCA.  (Doc. 16, pp. 10-11). Petitioner then alleges that he waited approximately six weeks and, not having heard from the appellate court, he contacted CCAP, which informed Petitioner it was not a state court and returned the filing.  (Doc. 16, p. 10).  Petitioner filed his second petition in the 5th DCA soon afterward. Petitioner reminds the Court that he is not versed in the law, that this was an "honest mistake," and that the 5th DCA did not reject his petition as untimely.  (Doc. 16, p. 11).

Notwithstanding Petitioner's claim of ignorance of the legal system, such ignorance and lack of legal skill only makes an untimely petition understandable, not excusable.  A petitioner's claims of ignorance of the law, lack of education, or illiteracy are not grounds for equitable tolling.  Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1112-1113 (9th Cir. 2009)(confusion by petitioner over AEDPA

does not justify equitable tolling); <u>Raspberry v. Garcia</u>, 448 F.3d 1150, 1154 (9th Cir. 2006); <u>see</u>, <u>e.g.</u>,

<u>Hughes v. Idaho State Bd. of Corrections</u>, 800 F.2d 905, 909 (9th Cir.1986) (pro se prisoner's illiteracy

and lack of knowledge of law unfortunate but insufficient to establish cause); <u>Fisher v. Johnson</u>, 174

F.3d 710 (5th Cir. 1999); <u>Rose v. Dole</u>, 945 F.2d 1331, 1335 (6th Cir.1991).  This rule has been

extended to situations where a petitioner files a document in the wrong court.  <u>Coleman v. Johnson</u>,

184 F.3d 398, 402-03 (5th Cir.1999) (petitioner's error in mailing § 2254 petition to state court and

ignorance of mistake insufficient to justify equitable tolling).

   This is the rule because Petitioner's indigent status and limited legal knowledge is no different

than the vast majority of incarcerated prisoners attempting to file petitions for writ of habeas corpus.

Such circumstances are not extraordinary nor do they justify equitable tolling.  If limited resources and

legal knowledge were excuses for not complying with the limitations period, Congress would have

never enacted the AEDPA since most incarcerated prisoners suffer from these same problems.

Moreover, mistakes and errors regarding how the legal system operates, while understandable, cannot

be construed as "circumstances beyond the petitioner's control" since many, if not most, state inmates,

somehow manage to correctly follow the federal procedural rules and timely file their petitions.  Thus,

the Court cannot find equitable tolling justified for the interval between the first and second petitions.

   Petitioner next contends that the 5th DCA failed to notify him of its August 4, 2011 denial of

his second state petition and that Petitioner did not learn of the denial until he inquired with prison

library staff about the status of his petition and someone checked on-line and informed Petitioner of

the August 4, 2011 denial.<sup>2</sup>  Petitioner maintains that on October 7, 2011, he received from the 5th

DCA a notification of denial, but that denial referenced another case rather than his own.  (Doc. 16, p.

6).  Petitioner then submitted a second request for a copy of the denial in his case, which he received

on October 26, 2011.  (Doc. 16, p. 7).   Petitioner contends that he then promptly prepared and filed

---

[2] Strangely, Petitioner does not provide a precise date for this critical event.  He indicates that he filed a request for a ruling approximately sixty days after filing the petition on May 15, 2011, which presumably would have been in mid-July 2011. But then he waited an additional sixty days, presumably around mid-September 2011, to inquire of prison library staff, whereupon he was immediately informed that the petition had been denied.

the third petition in the California Supreme Court on November 6, 2011.[3]

The Court finds Petitioner's patchwork of excuses to be insufficient.  Petitioner acknowledges that he had access to the prison law library and that prison library staff had access to the internet in order to check the status of Petitioner's case.  Given those circumstances, Petitioner's decision not only to wait until mid-September to check on the status of his case with prison staff but also to then delay filing his third petition until he obtained a physical copy of the denial shows an utter lack of diligence.  The proper course of action would have been to immediately file his third petition in the California Supreme Court as soon as possible after learning that his second petition had been denied, not until he had a piece of paper from the 5th DCA to that effect.  A petitioner who fails to act diligently cannot invoke equitable principles to excuse his lack of diligence.  See Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984); see also Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

The burden of demonstrating that the AEDPA's one-year limitation period was sufficiently tolled, whether statutorily or equitable, rests with the petitioner.  See, e.g., Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005); Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002); Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).  For the reasons discussed above, the Court finds and concludes that Petitioner has not met his burden with respect to the tolling issue.  Accordingly, the petition is late and should therefore be dismissed.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be GRANTED and the habeas corpus petition be DISMISSED for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one-year limitation period.

---

[3] Given the Court's prior rejection of interval tolling between the first and second petitions, the one-year period had already expired before the filing of the second petition and, therefore, as mentioned previously, any subsequent filings would not entitle Petitioner to tolling.  By the same reasoning, intervals between those subsequent petitions would not be subject to additional tolling.  Thus, the entire issue of whether Petitioner is entitled to equitable tolling between the second and third petitions is an academic one and irrelevant to the Court's determination.  Nevertheless, in an attempt to be thorough, the Court will address the issue.

1    This Findings and Recommendation is submitted to the United States District Court Judge

2    assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the

3    Local Rules of Practice for the United States District Court, Eastern District of California.

4    Within twenty (20) days after being served with a copy, any party may file written objections with the

5    court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate

6    Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten

7    (10) court days (plus three days if served by mail) after service of the objections.  The Court will then

8    review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised

9    that failure to file objections within the specified time may waive the right to appeal the District

10    Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

11

12

13    IT IS SO ORDERED.

14    Dated:   **November 5, 2012**            **/s/ Jennifer L. Thurston**

15                                             UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28